UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2004 MAR 9 PM 12 06

CLERK
BY _____ cly
DEPUTY CLERK

| | |
|---|---|
| MARK D. SURGEN, | ) |
| PLAINTIFF | ) ) ) ) |
| v. | ) ) ) ) |
| INTERNATIONAL BUSINESS MACHINES, INC., | ) ) ) ) |
| DEFENDANT | ) |

Lamoille Superior Court
Doc. No. 38-2-04 Lecv

NOTICE OF REMOVAL

2:04cv52

Pursuant to 28 U.S.C. § 1441(a), Defendant International Business Machines Corporation ("Defendant" or "IBM") hereby removes this action to the United States District Court for the District of Vermont. In support of the removal of this action, Defendant states the following:

1. This action is pending in the Lamoille County Superior Court. The Complaint was filed with the Lamoille County Superior Court on or about February 17, 2004, and served on IBM on February 18, 2004.

2. This Notice of Removal is filed within 30 days after receipt by Defendant of the Summons and Complaint, in compliance with 28 U.S.C. § 1446(b). Pursuant to § 1446(a), a true copy of the Summons and Complaint are annexed hereto as Exhibit A. On information and belief, no other pleadings have been served and no orders have been entered.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Jurisdiction exists because the parties are, respectively, citizens of different States and the amount in controversy, exclusive of costs, exceeds $75,000. IBM, a New York corporation with

DOWNS
RACHLIN
MARTIN PLLC

its principal place of business in New York, is a citizen of New York; and Plaintiff is a citizen of the State of Vermont. Upon information and belief, the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Plaintiff seeks back wages and benefits, future wages and benefits, compensatory damages, punitive damages, and attorney's fees. Upon information and belief, the demand exceeds the amount required to confer diversity jurisdiction in federal court.

5. Defendant is not a citizen of the State of Vermont. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal with the Clerk of the Lamoille County Superior Court of the State of Vermont, and will serve copies of this Notice on counsel for Plaintiff.

Dated at Burlington, Vermont this 9th day of March, 2004.

DOWNS RACHLIN & MARTIN PLLC

BY: _____
Patricia M. Sabalis
Steven P. Crowther
Attorneys for Defendant
199 Main Street
P.O. Box 190
Burlington, VT  05402-0190
(802) 863-2375

BTV.262207.1

2

**EXHIBIT A**

# CHITTENDEN COUNTY SHERIFF'S DEPARTMENT
## P.O. Box 1426
## Burlington, Vermont  05402

### RETURN OF SERVICE

On the 18 day of February, 20__ I made service of the following document(s) upon the defendant _International Business Machines Inc_

- (✓) Summons
- (✓) Complaint
- ( ) Motion(s)
- ( ) Affidavit
- ( ) Summons to Trustee
- ( ) List of Exemptions
- ( ) Disclosure Under Oath
- ( ) Final Order
- ( ) Trustee Disclosure
- ( ) Subpoena – Witness fees of _____
- (✓) _Request to Produce_
- ( ) _____
- ( ) _____

- (✓) Interrogatories
- ( ) Exhibit(s)
- ( ) Writ of Possession
- ( ) Judgment Order
- ( ) Order _____
- ( ) Memorandum of Law
- ( ) Notice of _____
- ( ) Writ of Attachment
- ( ) Recognizance

( ) by delivering a copy of same to the defendant.
(✓) by delivering a copy of same to _Steve O'Brien_ _Agent for C.T. Systems Registered_
( ) a person of suitable age and discretion and then and there a resident at the usual place of abode of said defendant.
(✓) At _____ Vermont, (for each of them) a copy thereof with my return endorsed thereon.

Service ____ Copies $_____
Travel ____ Miles _____
Postage _____
Copying ____ Copies _____
Town Clerk ____ Pages _____
Notary Fee _____
Other _____

TOTAL $_____

_____
Sheriff / Deputy Sheriff

STATE OF VERMONT
LAMOILLE COUNTY, ss

MARK D. SURGEN,

    **PLAINTIFF**          Lamoille Superior Court
v.                    Doc. No. _____

INTERNATIONAL BUSINESS MACHINES, INC.,

    **DEFENDANT**

## *SUMMONS*

TO: INTERNATIONAL BUSINESS MACHINES, INC.,

You are hereby summoned and required to serve upon Norman E. Watts, Esq., plaintiff's attorney, whose address is 19 Central Street, PO Box 270, Woodstock, VT 05091-0270, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.** If you believe that the plaintiff is not entitled to all or part of the claim set forth in the complaint, or if you believe that you have a counterclaim against the plaintiff, you may wish to consult an attorney. If you feel that you cannot afford to pay an attorney's fee, you may ask the clerk of the court for information about places where you may seek legal assistance.

Dated: February 17, 2004

                 Norman E. Watts
                 Watts Law Firm. PC

Served on ___2-18-04___
    Date

                 Deputy/Sheriff

            WATTS LAW FIRM, PC
            Woodstock, Vermont 05091
             (802) 457-1020

STATE OF VERMONT
LAMOILLE COUNTY, ss

MARK D. SURGEN,

          PLAINTIFF

v.

INTERNATIONAL BUSINESS MACHINES, INC.,

          DEFENDANT

Lamoille Superior Court
Doc. No. _____

## *COMPLAINT AND JURY DEMAND*

NOW COMES THE PLAINTIFF, by and through counsel, who complains against the defendant and seeks the recourse and remedies enumerated herein, as follows:

### Jurisdiction

1. Plaintiff is a resident of the town of Lake Elmore in the County of Lamoille and State of Vermont.

2. Defendant is a New York corporation with operations in the town of Essex Junction in the County of Chittenden and State of Vermont.

### Count I: Age Discrimination

3. Plaintiff refers to foregoing paragraphs 1-2 and incorporates them into this Count.

4. Vermont's Fair Employment Practices Act prohibits employers from discriminating against employees because of their age. 21 V. S. A. § 495 *et seq.*

5. Defendant employed plaintiff for almost 25 years at its Essex Junction, Vermont facility.

6. Plaintiff is 47 years of age and a member of a protected class of individuals.

7. Plaintiff was qualified for the position he held until June, 2002.

8. Plaintiff was performing in accordance with defendant's legitimate expectations.

9. In June, 2002, defendant fired plaintiff fired from his position.

10. Plaintiff's termination from employment was an adverse employment action.

11. Defendant later re-hired plaintiff in a lesser capacity at lower compensation and reduced benefits.

12. Defendant fired plaintiff because of his age.

13. Defendant offered the excuse for terminating plaintiff that it was relocating operations to New York.

14. Actually, in New York, the average age of the employees who were to be performing the same functions that plaintiff performed in Vermont was significantly lower than in the Vermont operation.

15. Overall, defendant eliminated jobs for many older workers in its Vermont operations.

16. In effect, defendant replaced plaintiff with a younger employee.

17. Thus, other employees that were not members of a protected class were treated more favorably.

18. Defendant discharged plaintiff under circumstances that give rise to an inference of age discrimination.

19. Defendant had no legitimate, nondiscriminatory reason for demoting plaintiff.

20. Defendant's conduct toward plaintiff, as delineated herein, constituted age discrimination.

21. For defendant's age discrimination against him, plaintiff demands judgment against defendant and an award of damages as provided in the Act, including compensatory and punitive damages as well as reinstatement to his former job and/or compensation, restitution of wages and other benefits, reimbursement for reasonable attorney's fees, court costs and other appropriate equitable and/or legal relief.

DATED: February 17, 2004

MARK D. SURGEN,
Plaintiff

By: _____
Norman E. Watts
Watts Law Firm, PC
Attorney for Plaintiff